UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SCOTT FIELDS                                                                                              Plaintiff

v.                                                                           Civil Action No. 3:21-cv-448-RGJ

ALLIED VAN LINES, INC., ET AL.                                                                    Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Allied Van Lines, Inc. ("Allied"), Sirva Relocation, LLC ("Sirva"), and Coleman Worldwide Moving, LLC ("Coleman") (collectively, "Defendants") each move to dismiss Plaintiff Scott Fields' ("Fields'") claims against them. [DE 7; DE 8; DE 9]. Fields responded [DE 15], and Defendants replied. [DE 16]. These matters are ripe. For the reasons below, Allied's Motion to Dismiss [DE 7] is **GRANTED in part and DENIED in part**. Sirva's Motion to Dismiss [DE 8] and Coleman's Motion to Dismiss [DE 9] are **DENIED AS MOOT and they are dismissed as parties**.

### I.   BACKGROUND

Fields sued Allied, Sirva, and Coleman in state court on June 14, 2021. [DE 1-1 at 13]. Fields' original Complaint contained three Counts: Count 1 against Allied and Coleman for breach of contract under state law, Count 2 against Allied and Coleman for state law negligence, and Count 3 against all Defendants for unfair practice under state law. [DE 1-1 at 17-19].

Fields alleges that he contracted with Allied to move his household goods from Kentucky to Colorado. [DE 1 at 4; DE 13 at 107-8]. Fields contends his goods were damaged in the move and sued in state court to recover damages. [DE 1 at 5; DE 1-1 at 13-20; DE 13 at 108].

Defendants removed the case to federal court. [DE 1]. Just days later, each defendant moved to dismiss Fields' claims. [DE 7; DE 8 DE 9]. Sirva and Coleman argued that they were improper defendants and all Defendants argued that the state law claims were preempted by the Carmack Amendment. [DE 7 at 53-61; DE 8 at 66-78; DE 9 at 85-86]. On August 4, 2021, in response to Defendants' motions, Fields filed an Amended Complaint under Fed. R. Civ. P. 15(a)(1)(B). [DE 13]. In his Amended Complaint, Fields dropped Sirva Relocation, LLC and Coleman Worldwide Moving, LLC as defendants and withdrew his contract and negligence claims. [DE 13; DE 15 at 119-20]. Fields also added a claim under the Carmack Amendment. [DE 13 at 110]. Fields then responded to Defendants' motions on August 23, 2021. [DE 15]. Allied replied, arguing that Fields' remaining state claim and attorneys' fee request are preempted by the Carmack Amendment. [DE 16].

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice

if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64). In deciding a motion to dismiss under Rule 12(d), a court generally may not consider matters outside the pleadings without converting the motion into a motion under Rule 56.

### III. DISCUSSION

Because Fields' Amended Complaint dropped defendants Sirva and Coleman, the Court will only consider Fields' claims as to Allied. [DE 13 at 110]. Further, the Court only addresses the two remaining claims in the Amended Complaint, a Carmack Amendment claim and a Kentucky Unfair Claims Settlement Practices claim under Ky. Rev. Stat. Ann. § 304.12-230 ("state claim"), as Fields has abandoned all other claims in the original Complaint. [DE 13 at 110]. In reply, Allied states that the only claims subject to dismissal pursuant to its motion to dismiss are "Plaintiff's claims for violations of the Kentucky unfair claims settlement practices statute and attorneys' fees.[1]" [DE 16 at 123]. Allied does not address the Carmack Amendment claim.

---

[1] Although not a formal claim, the Amended Complaint includes an attorney fee request. [DE 13 at 111]. Allied refers to this request as a claim and asks for dismissal, thus, the Court considers the attorney fee issue. [DE 7 at 61].

Allied argues that the state claim, however, is preempted by the Carmack Amendment. [DE 7 at 55-60; DE 16 at 124-26]. Allied also contends that KRS 304.12-230 generally only applies to insurance providers, and Allied is a motor carrier. [DE 16 at 126]. Fields responds arguing that his state claim is not preempted. [DE 15 at 120]. He argues that neither the Sixth Circuit nor this court have considered the issue. [DE 15 at 119-122]. Allied replies arguing that the authority cited by Fields is no longer good law. [DE 16 at 123-126]. Allied also argues that Fields' request for attorney fees is preempted by the Carmack Amendment, which has no attorney fee provision. [DE 7 at 61; DE 16 at 123-124].

### A. Jurisdiction

Because this action was removed from state court, the Court first considers whether it has jurisdiction. Federal courts are limited in their jurisdiction, and "possess only that power authorized by Constitution and statute . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law." *Rivet v. Regions Bank*, 522 U.S. 470, 472 (1998). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," commonly referred to as federal question jurisdiction. 28 USCS § 1331. Courts use the "well-pleaded complaint rule" to determine whether this jurisdiction is proper. *Obeid v. Meridian Auto. Sys.*, 296 F. Supp. 2d 751, 752 (E.D. Mich. 2003) (citing *Rivet*, 522 U.S. 470).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The face of the complaint does not include defenses that might be raised: "Congress has not authorized removal based on a defense or

anticipated defense federal in character." *Rivet*, 522 U.S. at 472.  There are two ways a case can arise under federal law.  First, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  The second way to create a federal question is a small category of claims that originate from state law and pass the following test: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258.  This "*Grable*" analysis is unnecessary because, regardless of the original complaint, federal question is present on the face of the Amended Complaint as Fields has added a Carmack Amendment claim under 49 U.S.C. § 1367(a). *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

### B. Federal Preemption of the State Claim

Allied asserts that Fields' state claim is preempted by the Carmack Amendment, which preempts state and common law claims for loss or damage to goods in interstate transportation. [DE 7 at 55-60].  Allied argues that allowing Fields to bring a state claim would enlarge his remedy prevent uniformity in bill of lading claims.  [*Id.* at 60].  Allied also argues that, although neither the Sixth Circuit nor this Court have considered the issue specifically, there is supporting authority. *See, e.g.*, *Sec. USA Servs., Inc. v. United Parcel Serv., Inc.*, 371 F. Supp. 3d 966 (D.N.M. 2019), *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373 (2d Cir. 1994); *Hanlon v. United Parcel Serv.*, 132 F. Supp. 2d 503 (N.D. Tex. 2001).  [DE 7 at 59-60].

Fields disagrees, citing *Sokhos v. Mayflower Transit, Inc.*, 691 F. Supp. 1578 (D. Mass. 1988).  [DE 15 at 119-122].  Allied rebuts this argument by responding that *Sokhos* is a non-binding, outdated case that is no longer good law.  [DE 16 at 124-26].  Allied also contends that

the Kentucky statute involved in the state claim, KRS 304.12-230, generally only applies to insurance providers, and Allied is a motor carrier.[2] [DE 16 at 126].

Although neither the Sixth Circuit nor this Court have considered the issue of whether the Carmack Amendment preempts the Kentucky Unfair Claims Practices Statute specifically, there is significant case law concerning Carmack Amendment preemption generally. "For over one hundred years, the Supreme Court has consistently held that the Carmack Amendment has completely occupied the field of interstate shipping." *Certain Underwriters at Int. at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 335–36 (3d Cir. 2014). The Carmack Amendment preempts state common law and statutory causes of action relating to the shipment of goods by interstate carriers. *Jackson v. Brook Ledge, Inc.*, 991 F. Supp. 640 (E.D. Ky. 1997); *Toledo Ticket Co. v. Roadway Exp., Inc.*, 133 F.3d 439, 441 (6th Cir. 1998); *W. D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972); *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913). When state claims remain in Carmack Amendment cases only when "unrelated to the loss of, or damage to, goods in interstate commerce." *Val's Auto Sales & Repair, LLC v. Garcia*, 367 F. Supp. 3d 613, 620 (E.D. Ky. 2019). As the Supreme Court stated: "[a]lmost every detail of the subject [of interstate shipments] is covered so completely that there could be no rational doubt that congress intended to take possession of this subject, and supersede all state regulation with reference to it." *Adams Express Co.*, 226 U.S. at 505–6.

---

[2] This argument is unsupported in Allied's briefing and the Court thus did not consider it. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997); *see also Singleton v. Astrue*, No. CIV.A. 09-333-GFVT, 2010 WL 6004448, at *3 (E.D. Ky. June 28, 2010), *report and recommendation adopted,* No. CIV. 09-333-GFVT, 2011 WL 843965 (E.D. Ky. Mar. 9, 2011), ("It is well-established that courts are not obligated to consider unsupported arguments inadequately developed in the briefs") (quoting *Lewless v. Sec'y of Health & Hum. Servs.*, 25 F.3d 1049 (6th Cir. 1994) (Table) (internal quotation marks and formatting omitted).

Other courts, including the First, Fifth, and Seventh Circuits, when considering state unfair and deceptive trade practice laws specifically, have concluded that they are preempted by the Carmack Amendment because they are related to the loss of goods. *See, e.g.*, *Rini*, 104 F.3d 502 (overruling *Sokhos*[3] and holding that the Carmack Amendment preempted state law unfair and deceptive acts claims because the claims stemmed from loss of goods), *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–307 (5th Cir. 1993) (holding that the Carmack Amendment preempted Texas Deceptive Trade Practices Act and reasoning that holding otherwise "could only lead to the morass that existed before the Carmack Amendment"), *Gordon*, 130 F.3d 282 (holding that the Carmack Amendment preempted common and state law fraud and deceptive business practices claim because such claims are so closely related to the loss or damage of goods), *Hanlon*, 132 F. Supp. 2d 503 (holding that the Carmack Amendment preempted all of Plaintiff claims because they related to loss of property shipped in interstate commerce, including claims under Texas' Unfair Claim Settlement Practices Act), *Cleveland*, 30 F.3d 373 (holding that the Carmack Amendment preempted a federal common law claim for breach of an implied covenant of good faith and fair dealing because allowing it would thwart the Carmack Amendment's purpose of uniformity in disposition of claims), *Security USA Services, Inc.*, 371 F. Supp. 3d at 972 ("Plaintiff's claim for bad-faith is preempted because it seeks to impose liability on Defendant arising from its conduct in not paying Plaintiff's claim"), *Taylor v. Mayflower Transit, Inc.*, 22 F. Supp. 2d 509 (W.D.N.C.

---

[3] The court stated:

> We are aware that our holding today conflicts with certain previous decisions of the District Court of Massachusetts. In particular, we note that the cases of *Sokhos v. Mayflower Transit Inc.*, 691 F.Supp. 1578 (D.Mass.1988), and *Mesta v. Allied Van Lines*, 695 F.Supp. 63 (D.Mass.1988), allowed certain claims that would be preempted under the decision that we lay down today. To the extent these decisions are inconsistent with our holding, they do not represent the law of the circuit.

*Rini*, 104 F.3d 502, n. 3.

1998) (holding that the Carmack Amendment preempted state law unfair and deceptive trade practices claim because it "arises out of the interstate shipment"). As Fields' state claim arises out of the shipment of household goods by an interstate carrier, his claim is not "unrelated to the loss of, or damage to, goods in interstate commerce." *Val's Auto Sales & Repair, LLC*, 367 F. Supp. 3d at 620. Fields' state claim stems from the loss of goods shipped in interstate commerce and must be preempted by federal law. *See, e.g.*, *Rini*, 104 F.3d 502, *Moffit*, 6 F.3d 305, *Gordon*, 130 F.3d 282, *Hanlon*, 132 F. Supp. 2d 503, *Cleveland*, 30 F.3d 373, *Security USA Services, Inc.*, 371 F. Supp. 3d at 972, *and Taylor*, 22 F. Supp. 2d 509. Holding otherwise "could only lead to the morass that existed before the Carmack Amendment," *Moffit*, 6 F.3d 305. Taking all factual allegations in the complaint to be true, and making all reasonable inferences in favor of Fields, *Total Benefits Planning Agency, Inc.*, 552 F.3d at 434, the Court finds that his state claim is preempted by the Carmack Amendment. Fields' state law claim is dismissed.

**C. Attorneys' Fees**

Allied contends that the attorney fees request[4] is preempted by the Carmack Amendment, and that there is no provision in the Carmack Amendment authorizing the award of attorney's fees, citing *Next F/X, Inc. v. DHL Aviation Americas, Inc.*, 429 F. Supp. 3d 350, 363 (E.D. Ky. 2019), *and Univ. Chill LLC v. Saia Motor Freight Line, LLC*, No. SA-14-CA-902-FB, 2014 WL 12589581, at *2 (W.D. Tex. Nov. 14, 2014). [DE 7 at 61]. Allied asserts that Fields' Response did not refute this argument. [DE 16 at 123-124].

While it is true that claims not raised in response to a motion to dismiss are considered abandoned, *see Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007), the claim here for attorneys' fees was not abandoned; Fields responded by reiterating his claim in his Amended Complaint.

---

[4] Allied refers to "Plaintiff's claim for attorneys' fees." [DE 7 at 61]. Fields does not make a separate "claim" for attorney's fees, but a "request" at the end of his Amended Complaint. [DE 13 at 111].

8

*See, e.g.*, *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings").

Typically, attorney's fees are not allowed for Carmack claims.  *See Next F/X, Inc.*, 429 F. Supp. 3d at 363 ("an award of attorneys' fees *ordinarily* should be unavailable under . . . the Carmack Amendment") (emphasis added) (citing *Custom Rubber Corp. v. ATS Specialized, Inc.*, 633 F. Supp. 2d 495, 518–19 (N.D. Ohio 2009)), *and University Chill LLC*, 2014 WL 12589581, at *2.  Yet, while "[t]he Carmack Amendment does not contain a general attorney fee provision[,] it does authorize fee awards in limited circumstances to shippers of 'household goods.'" *Osman v. Int'l Freight Logistics, Ltd.*, 405 F. App'x 991, 993 (6th Cir. 2011) (internal citations omitted).  49 U.S.C. § 14708 provides, in relevant part:

> (d) Attorney's fees to shippers.  In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if
> > (1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
> > (2) the shipper prevails in such court action; and
> > (3)(A) the shipper was not advised by the carrier during the claim settlement process that a dispute settlement program was available to resolve the dispute;
> > (B) a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or
> > (C) the court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period for performance under such decision has elapsed.

49 U.S.C. § 14708(d).

The Court need not resolve whether these limited circumstances have been met at this stage of the proceedings.  For the purposes of this motion, the parties agree that the case involves

9

household goods,[5] but without discovery and until the case proceeds, the Court cannot determine whether the other conditions of 49 U.S.C. § 14708(d) are met. The request for fees is uncertain, but "plausible on its face." *Twombly*, 550 U.S. at 570. As a result, the Court will not dismiss Fields' request for attorney's fees at this time.

## IV. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Defendant Allied Van Lines, Inc.'s Motion to Dismiss [DE 7] is **GRANTED** in part and **DENIED in part** as set forth above and Plaintiff's state law claim is **DISMISSED WITH PREJUDICE**;

2. Defendant Sirva Relocation, LLC's Motion to Dismiss [DE 8] and Defendant Coleman Worldwide Moving, LLC's Motion to Dismiss [DE 9] are **DENIED AS MOOT;**

3. Defendants Sirva Relocation, LLC and Defendant Coleman Worldwide Moving, LLC, are dismissed as parties.

Rebecca Grady Jennings, District Judge
United States District Court

November 8, 2021

Cc: Counsel of record

---

[5] Allied states that the claims are "related to loss or damage to household goods." [DE 1 at 4]. Fields describes the goods as including "electronic components and stereo equipment, beds and bed frames, cabinets, and other items of furniture." [DE 13 at 108]. "Household goods" are "personal effects and property used or to be used in a dwelling" and for which transportation is "arranged and paid for by the householder." 49 U.S.C. § 13102(10).